**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**PHILADELPHIA DIVISION**

JAMES MATTHEW WILLIAMS,

     Plaintiff,

-vs-

     Case No.

EXPERIAN INFORMATION
SOLUTIONS, INC.,

     Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, James Matthew Williams (hereinafter "Plaintiff"), by and through his undersigned counsel, for his cause of action against Experian Information Solutions, Inc. (hereinafter "Experian") (hereinafter "Defendant"); and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*.

## PRELIMINARY STATEMENT

1. This is an action for actual damages, statutory damages, punitive damages, costs, and attorney's fees brought pursuant to the FCRA.

2. Today in America there are three major consumer reporting agencies, Equifax Information Services LLC (hereinafter "Equifax"), Experian Information

1

Solutions, Inc. (hereinafter "Experian"), and Trans Union LLC (hereinafter "Trans Union") (hereinafter collectively "CRAs").

3. Consumer reporting agencies that create consumer reports, like Experian, are charged with using reasonable procedures designed to ensure the maximum possible accuracy of the information they report. It is not enough for them to simply parrot information they receive from entities, particularly where a consumer makes a dispute about information reported.

4. When a consumer like Plaintiff disputes information through the agencies, those disputes are transmitted to the party furnishing the information. The FCRA demands that each party separately conduct a reasonable investigation of the consumer's dispute and correct or delete information they learn to be inaccurate or cannot otherwise verify.

5. The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy". Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION AND VENUE

6. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

2

7.      Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

8.      Venue is proper in this District as Plaintiff is a natural person and resident of Philadelphia County in the Commonwealth of Pennsylvania; Defendant transacts business within this District; and violations described in this Complaint occurred in this District.

9.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

10.     Experian is a corporation with its principal place of business in the State of California and is authorized to do business in the Commonwealth of Pennsylvania through its registered agent, C T Corporation System, located at 600 N 2nd Street, #401 Harrisburg, Pennsylvania 17101.

11.     Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f). Experian is regularly engaged in the business of assembling, evaluating and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

12.     Experian disburses such consumer reports to third parties under contract for monetary compensation.

## FACTUAL ALLEGATIONS

3

13.     Plaintiff is alleged to owe debts to non-party, EdFinancial, as to student loans, partial account numbers beginning with 191810* (hereinafter "EdFinancial Accounts"). There are four total trade lines (hereinafter "Tradeline 1-4") reported erroneously on Plaintiff's credit file. Plaintiff does not owe these debts.

14.     Upon information and belief, Plaintiff is a victim of identity theft or mixed file.

15.     Plaintiff regularly monitors his credit file and makes a consistent effort to maintain good standings on his accounts.

16.     From about July 2017 to January 2025, Plaintiff was incarcerated.

17.     Following his release, in or about February 2025, Plaintiff attempted to apply for financial aid so that he could attend graduate school. He was denied aid and was told it was because he already had federal student loans. However, Plaintiff had never applied for or taken out student loans.

18.     Upon learning this, Plaintiff immediately reviewed his Experian credit report and discovered the EdFinancial Accounts reporting on his credit file, opened on or about February 21, 2022, and October 3, 2022.

19.     Plaintiff was extremely alarmed because he was incarcerated during this time period and had no ability to use his credit or attend school.

20.     On or about April 15, 2025, Plaintiff filed a complaint against Experian with the Consumer Financial Protection Bureau, Complaint #250415-20100677 (hereinafter "CFPB Complaint"), explaining the aforementioned. Plaintiff stated he did not authorize the opening of the EdFinancial Accounts.

21.     Under 15 U.S.C. § 1681e (3) of the FCRA, credit reporting agencies, such as Experian, are required to review certain consumer complaints about inaccurate information that are originally sent to the CFPB.

22.     Upon information and belief, Experian forwarded Plaintiff's CFPB Complaint to the Furnisher, EdFinancial.

23.     Plaintiff received a response from EdFinancial on or about April 22, 2025 with additional information regarding the Accounts, including that they were disbursed at Montgomery Community College and the Master Promissory Note was signed on or about January 14, 2022.

24.     Plaintiff was incarcerated in January 2022, and he has never applied to, attended, or known anyone to attend Montgomery Community College.

25.     On or about June 13, 2025, Plaintiff received a response to his CFPB Complaint from Experian advising that the reported EdFinancial Accounts had been verified as accurate. The Accounts continued to report on Plaintiff's credit file.

26.     On or about January 13, 2026, Plaintiff obtained updated copies of his Experian credit report and observed that the EdFinancial Accounts continued to report with statuses as follows:

    i.    Tradeline 1 reporting with a balance of $1,871;

    ii.    Tradeline 2 reporting with a balance of $3,828;

    iii.    Tradeline 3 reporting with a balance of $3,231;

    iv.    Tradeline 4 reporting with a balance of $6,619.

27.     Shocked by this seemingly obvious error and the continued reporting, Plaintiff filed Identity Theft Reports with the Federal Trade Commission on or about January 16, 2026 (Report #196291588) (hereinafter "FTC Report"). In the FTC Report, Plaintiff again explained the aforementioned.

28.     On or about January 30, 2026, Plaintiff mailed a detailed dispute letter to Experian, explaining that he was a victim of identity theft and could not have opened the EdFinancial Accounts due to being in custody. In the letter, Plaintiff requested a copy of his credit report. Plaintiff included images of his driver's license and social security card to confirm his identity. Plaintiff attached supporting documentation, including images of the erroneous reporting, his filed FTC Report and CFPB Complaint, the aforementioned Account details provided by the Furnisher, and documents provided to him by the Commonwealth of Pennsylvania Corrections Department to support his claims.

29.   Plaintiff invited Experian to review his case, which is public record.

30.   Plaintiff mailed his detailed dispute letter via USPS Certified Mail to Experian (9589 0710 5270 2629 2541 20).

31.   On or about February 6, 2026, Plaintiff received dispute results from Experian advising that the reporting of the EdFinancial Accounts had been verified as accurate.

32.   On or about March 6, 2026, Plaintiff obtained an updated copy of his Experian credit report and observed that the EdFinancial Accounts continued to report on his credit file with the statuses described in Paragraph 26.

33.   Experian failed to do any independent investigation into Plaintiff's disputes, but rather parroted information it received from the furnisher.

34.   Experian never attempted to contact Plaintiff during the alleged investigation.

35.   Experian's failed to review and consider all relevant information provided by Plaintiff in his disputes; Experian's alleged investigation was hardly surface-level, given that Plaintiff provided documentation reflecting that he was incarcerated during the time period the Accounts were opened and funds were disbursed.

36.   Due to the continued inaccurate reporting, on or about March 16, 2026, Plaintiff mailed a second detailed dispute letter to Experian. In the letter, Plaintiff

again he was a victim of identity theft and could not have opened the EdFinancial Accounts due to being in custody. In the letter, Plaintiff requested a copy of his credit report. Plaintiff included images of his driver's license and social security card to confirm his identity. Plaintiff attached supporting documentation, including images of the erroneous reporting, his filed FTC Report and CFPB Complaint, the aforementioned Account details provided by the Furnisher, and documents provided to him by the Commonwealth of Pennsylvania Corrections Department to support his claims. Plaintiff attached a copy of a credit denial he had suffered, presumably due to Experian's erroneous reporting of the Accounts.

37.    Plaintiff mailed his second detailed dispute letter via USPS Certified Mail (9407 1111 0549 5815 8236 75).

38.    As of the filing of this Complaint, Plaintiff has not received any dispute results as to his second dispute letter.

39.    As of the filing of this Complaint, upon information and belief, Experian has failed to review Plaintiff's FTC Report or conduct a reasonable investigation as to Plaintiff's disputes.

40.    Had Experian conducted a reasonable investigation at any point, the result would have been different.

8

41.     Plaintiff continues to suffer as of the filing of this Complaint with Experian's reluctance to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

42.     Plaintiff's plans to rebuild and reintegrate into society continue to be stalled due to Experian's mistakes; he cannot secure the necessary financial aid to further his education. Plaintiff cannot secure a vehicle for safe and timely transportation to work.

43.     Plaintiff has suffered specific and known damage to his credit and several denials of credit lines, including but not limited to denials for auto financing on or about September 6, 2025, Credit One Bank on or about October 9, 2025, and Capital One on or about January 6 and January 20, 2026.  Plaintiff is attempting to regain his life and his credit history, but he is being harmed by Defendant.

44.     As a result of the inaccurate credit reporting, Plaintiff has suffered damages, including, but not limited to:

     i.    Denials of necessary lines of credit as outlined in Paragraph 43;

     ii.    Monies lost by attempting to fix his credit. Plaintiff has suffered actual damages in postage paid, wasted ink and paper, wasted time, and lost wages due to missing work in attempts to cure the reporting errors;

     iii.    Loss of time attempting to cure the errors;

iv.  Mental anguish, added stress, aggravation, embarrassment, emotional distress, sleepless nights, headaches, fluctuations in weight, and other related impairments to the enjoyment of life; Plaintiff is being physically affected by Defendant' actions; and

v.  Apprehensiveness to apply for new credit due to the fear of rejection.

vi.  Defamation as Plaintiff's information has been published to numerous third parties, including but not limited to Credit One, Capital One, and MyFICO to calculate Plaintiff's credit score.

## CAUSES OF ACTION

### COUNT I
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Negligent)**

45.  Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

46.  Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

47.  Experian allowed for a furnisher to report inaccurate and erroneous accounts to Plaintiff's credit file.

10

48.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

49.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

50.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

51.    As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

52.    The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

53.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

WHEREFORE, Plaintiff, James Matthew Williams, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions,

11

Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

**COUNT II**
**Violation of 15 U.S.C. § 1681e(b) as to**
**Defendant, Experian Information Solutions, Inc. (Willful)**

54.    Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

55.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning Plaintiff.

56.    Experian allowed for a furnisher to report inaccurate and erroneous accounts to Plaintiff's credit file.

57.    Upon information and belief, Experian does not allow its representatives to call consumers, like Plaintiff, during the dispute process or call witnesses with knowledge about the dispute.

58.    Experian selects to just parrot the information provided by the Furnisher and to avoid conducting re-investigations.

59.    Experian chooses the illegitimate parroting of information despite consumers (like Plaintiff) providing ample evidence.

60.     As a result of this conduct, action, and inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

61.     The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages, in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

62.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

WHEREFORE, Plaintiff, James Matthew Williams, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT III
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Negligent)

63.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

64.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

65.     Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

66.     Plaintiff provided Experian with the information it needed to confirm that Plaintiff was a victim of identity theft or mixed file. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

67.     As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit

from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

68.     The conduct, action, and/or inaction of Experian was negligent, rendering it liable for actual damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681o.

69.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681o.

WHEREFORE, Plaintiff, James Matthew Williams, respectfully requests that this Court award actual damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## COUNT IV
### Violation of 15 U.S.C. § 1681i as to
### Defendant, Experian Information Solutions, Inc. (Willful)

70.     Plaintiff re-alleges and incorporates paragraphs one (1) through forty-two (42) above as if fully stated herein.

71.     After receiving Plaintiff's disputes, Experian violated 15 U.S.C. § 1681i by: (i) failing to delete inaccurate information in Plaintiff's credit file after

receiving notice of such inaccuracies; (ii) failing to conduct a lawful and reasonable reinvestigation into Plaintiff's disputes; (iii) failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit file; (iv) failing to review and consider all relevant information submitted by Plaintiff in the disputes; and (v) relying upon verification from a source it has to know is unreliable.

72.    Despite the large amount of information and documentation produced by Plaintiff demonstrating the inaccurate reporting, Experian failed to conduct independent investigations into Plaintiff's disputes and simply transferred the duty to investigate to the furnisher.

73.    Plaintiff provided Experian with the information it needed to confirm that Plaintiff was a victim of identity theft or mixed file. Experian ignored this information and failed to conduct a thorough investigation into his disputes or otherwise make his credit file accurate.

74.    As a direct result of this conduct, action and/or inaction of Experian, Plaintiff suffered damage, including without limitation, loss of the ability to benefit from lower interest rates; loss of time; financial loss; physical injury; emotional distress; and mental and emotional pain stemming from the stress, anguish, humiliation, and apprehension in applying for credit and the damages otherwise outlined in this Complaint.

75.    The conduct, action, and/or inaction of Experian was willful, rendering it liable for actual or statutory damages and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

76.    Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to § 1681n.

WHEREFORE, Plaintiff, James Matthew Williams, respectfully requests that this Court award actual or statutory damages and punitive damages against Defendant, Experian Information Solutions, Inc.; award Plaintiff his attorney's fees and costs; award pre-judgment and post-judgment interest at the legal rate; enjoinder from further violations of these parts; and such other such relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, James Matthew Williams, respectfully requests that this Court award judgment for actual, statutory, compensatory, and punitive damages against Defendant, Experian Information Solutions, Inc.; and jointly and severally; attorneys' fees and costs; prejudgment and post-judgment interest at the judgment rate; and such other relief the Court deems just and proper.

17

DATED this 17th day of March, 2026.

Respectfully submitted,

*/s/ Octavio Gomez*

Octavio "Tav" Gomez, Esq.
Florida Bar #: 0338620
Georgia Bar #: 617963
Pennsylvania Bar #: 325066
The Consumer Lawyers PLLC
501 E. Kennedy Blvd, Suite 610
Tampa, Florida 33602
Cell: (813) 299-8537
Facsimile: (844) 951-3933
Tav@theconsumerlawyers.com
*Attorney for Plaintiff*